*H. Lewis Packaging v. Spectrum Plastics*

# SETTLEMENT AGREEMENT
# FULL AND FINAL RELEASE OF ALL CLAIMS
# AND CONFIDENTIALITY AGREEMENT

This Settlement Agreement, Full and Final Release of All Claims and Confidentiality Agreement ("Agreement"), as of the 27th day of October, 2003, is made by and among H Lewis Packaging, LLC ("Lewis"), a Connecticut limited liability corporation with a place of business at 44 Laurel Ledge Court, Stamford, Connecticut, and Spectrum Plastics, Inc. ("Spectrum"), a California corporation with a place of business at 12850 Midway Place, Cerritos, California; and Howard Weinstein, an individual and President and/or Operating Manager of Lewis, and Andrew Finkel, an individual and salesman and/or agent for Lewis; and Allen Golbert, an individual and Executive Vice President and Chief Operating Officer of Spectrum, Les Yager, an individual and Vice President of Sales and Marketing for Spectrum, and Frank Su, an individual and President of Spectrum; all collectively referred to hereinafter as "the Parties."

## RECITALS

**WHEREAS,** LEWIS is the plaintiff and SPECTRUM is the defendant in an action pending in the United States District Court for the District of Connecticut, entitled <u>H Lewis Packaging, LLC v. Spectrum Plastics, Inc.</u>, bearing Docket No. 3:02-CV-2259 (PCD) (New Haven Federal District Court)(the "Civil Action"); and

**WHEREAS,** although Spectrum denies Lewis's claims and Lewis denies any Spectrum claims, the Parties now desire to terminate the Civil Action and to resolve, compromise and settle their disputes pursuant to the terms and conditions set forth below;

**NOW, THEREFORE,** for and in consideration of the foregoing, the good and valuable consideration that is set forth below, the dismissal with prejudice of claims contained in the Civil

Action, and the mutual promises and covenants contained herein, the sufficiency of which is hereby acknowledged, and intending to be legally bound, the Parties agree as follows:

**1.    DEFINITIONS**

For purposes of this Agreement, the following defined terms shall have the meanings set forth below:

**1.1.**    "Lewis" means H Lewis Packaging, LLC, its current or former parent companies, subsidiaries or affiliates of any of them and its current or former partners, limited partners, managers, predecessors, successors, stockholders, employees, agents, officers, directors and attorneys, and all other persons acting on its behalf with respect to the events, transactions, or occurrences, whether individually or in their official capacity, that are the subject of this Agreement.

**1.2.**    "Spectrum" shall mean Spectrum Plastics, Inc., its current or former parent companies, subsidiaries or affiliates of any of them and its current or former partners, limited partners, managers, predecessors, successors, stockholders, employees, agents, officers, directors and attorneys, and all other persons acting on their behalf with respect to the events, transactions, or occurrences, whether individually or in their official capacity, that are the subject of this Agreement.

**1.3.**    "Weinstein" means Howard Weinstein individually, his heirs, executors, administrators, successors, and assigns.

**1.4.**    "Finkel" means Andrew Finkel individually, his heirs, executors, administrators, successors, and assigns.

**1.5.**    "Golbert" means Allen Golbert individually, his heirs, executors, administrators,

2

successors, and assigns.

 **1.6.** "Yager" means Les Yager individually, his heirs, executors, administrators, successors, and assigns.

 **1.7.** "Su" means Frank Su individually, his heirs, executors, administrators, successors, and assigns.

 **1.8.** "Person" or "Persons" shall mean and include natural persons, proprietorships, corporations, public corporations, municipal corporations, partnerships, groups, associations, or any other business or public organization or entity.

 **1.9.** "Parties" shall mean Lewis, Spectrum, Weinstein, Finkel, Golbert, Yager and Su.

 **1.9.i.** "Claims" shall mean any and all past, present, or future, known or unknown, fixed or contingent, matured or unmatured, liquidated or unliquidated, claims, causes of actions, actions cross-claims, liabilities, obligations, rights, demands, penalties, assessments, damages, promises, agreements, requests, suits, lawsuits, costs, interest of any kind, actions, administrative proceedings, or orders, of whatever nature, character, type or description, whenever and however occurring, whether at law or in equity, and whether sounding in tort or contract or any statutory or common law claim or remedy of any type.

 **1.9.ii.** "Effective Date Of This Agreement" shall mean the date of the last signature placed hereon, and this Agreement shall be effective as of such date.

 **1.9.iii.** As used in this Agreement, the singular and masculine gender shall mean also the plural and feminine or neuter, as may be appropriate; the conjunctive includes the disjunctive, and the disjunctive includes the conjunctive; "it" shall include "he" and "she"; and "each" and "all" includes "each" and "every."

**1.9.iv.** "Civil Action" shall refer to litigation pending in the United States District Court for the District of Connecticut (New Haven Federal District Court), as set forth above in the RECITALS Section.

**1.9.v.** "Settlement Sum" means the settlement amount paid by Spectrum to Lewis as defined in Section 2.

**2.    PAYMENT TO LEWIS BY SPECTRUM**

**2.1.    Settlement Amount.** Spectrum shall pay Lewis the total sum of $170,000.00 ("Settlement Sum"). Spectrum shall make such payment in four installments as follows: The first installment of $75,000.00 shall be made on or before November 1, 2003. The second and third installments of $32,000.00 each shall be made on or before December 15, 2003, and on or before January 15, 2004, respectively. The fourth and remaining installment of $31,000.00 shall be made on or before February 15, 2004, until the Settlement Sum is paid in full.

**2.2.    Delivery of Payments.** Spectrum shall make installment payments of the Settlement Sum by check or draft made payable to: H Lewis Packaging, LLC. Spectrum shall send all such payments to: Andrew M. La Bella, Esq., 1111 Summer Street, 5th Floor, Stamford, Connecticut, 06905, attorney for Lewis.

**2.3.    Execution, Delivery and Filing of Stipulated Dismissal.** Upon execution of this Agreement, Lewis will execute a FRCP 41(a)(1) stipulation of dismissal with prejudice as to the Civil Action pending in federal district court, which stipulation of dismissal shall be delivered to and held in escrow with Tyler Cooper & Alcorn, LLP until such time as the same is filed with the district court. The stipulation of dismissal with prejudice shall be filed upon payment in full of the Settlement Sum by Spectrum. The Parties agree to cooperate and take any other action as

necessary to effect the dismissal with prejudice of the pending Civil Action.

**3.   RELEASES**

**3.1.i.   Mutual Releases.** Lewis and Weinstein and Finkel each, on behalf of itself or himself and anyone claiming by or through it or him, hereby remises, releases and forever discharges Spectrum and Golbert, Yager and Su from any and all Claims arising from, relating to, or based upon any matter, cause or thing from the beginning of the world to the Effective Date of this Agreement except for the rights, agreements, and obligations arising under this Agreement.

**3.1.ii.** Spectrum and Golbert, Yager and Su each, on behalf of itself and or himself anyone claiming by or through it or him, hereby remises, releases and forever discharges Lewis and Weinstein and Finkel from any and all Claims arising from, relating to, or based upon any matter, cause or thing from the beginning of the world to the Effective Date of this Agreement except for the rights, agreements, and obligations arising under this Agreement.

**3.1.iii.** It is the express intent and understanding of the Parties that, in consideration for payment of the Settlement Sum (as set forth above in Section 2.1) and the dismissal with prejudice of the Civil Action, and on condition of the covenants and agreements contained herein, the Claims released by Lewis and Weinstein and Finkel under Section 3.1.i and the Claims released by Spectrum and Golbert, Yager and Su under Section 3.1.ii above shall include, but not be limited to, all Claims which any of them may have had or claim to have had, may now have or claim to have, or could have made or claim to have made, in connection with, relating to or arising out of the claims and/or allegations giving rise to the Civil Action. This Agreement further contemplates that this instrument releases any Claims that Weinstein or

5

Finkel, individually, has or ever had against Spectrum and Golbert, Yager and Su, and any claims that Golbert, Yager or Su, individually, has or ever had against Lewis and Weinstein and Finkel.

**3.2.   Beneficiaries of Releases.**  To the extent that the releases set forth above run to the favor of any Persons who are not signatories hereto, this Agreement is hereby declared to be made in and for their respective benefits and uses.

**3.3.   No Assignment of Claims.**  The Parties warrant and represent that they have not assigned or transferred and will not assign or transfer, in whole or in part, to any person or entity all or any portion of the matters released or agreed to herein.

**3.4.   Confidentiality.**  The Parties agree that the terms and provisions of this Agreement shall be, and remain, strictly confidential.  Accordingly, the Parties agree that neither this Agreement, nor any of its terms, shall be disclosed to any person or entity except (a) as required by law or court order; (b) to present outside counsel, in-house counsel, accountants and auditors of any of the Parties hereto; (c) in any action or proceeding where the existence of the terms of this Agreement are at issue; or (d) by express written agreement of the Parties.  Further, the Parties agree to request that the Court file this Agreement under seal to protect its confidentiality.

**4.   MISCELLANEOUS PROVISIONS**

**4.1   Fees and Costs.**  The Parties agree that each party will be responsible for paying its own existing and future outside legal fees and any other related costs associated with this Agreement and the Civil Action.

**4.2.   Entire and Integrated Agreement.**  This Agreement is intended by the Parties hereto as a final expression of their agreement and is intended to be a complete and exclusive

6

statement of the agreement and understanding of the Parties hereto with respect to the subject matters contained herein. This Agreement supersedes any and all prior promises, representations, warranties, agreements, understandings, and undertakings between or among the Parties hereto with respect to such subject matters, and there are no promises, representations, warranties, agreements, understandings, or undertakings with respect to such subject matters other than those set forth or referred to herein.

    **4.3**    **Binding Effect.** This Agreement will inure to the benefit and bind the respective heirs, personal and legal representatives, successors and permitted assignees of the Parties hereto.

    **4.4.**    **Severability.** If any clause or provision of this Agreement is deemed to be illegal or unenforceable under any present or future law by the final judgment of a court of competent jurisdiction, the remainder of this Agreement will not be affected thereby. It is the intention of the Parties that if any such provision is held to be illegal, invalid of unenforceable, there be added in lieu thereof a similar provision that is legal, valid and enforceable.

    **4.5.**    **Governing Law.** This Agreement will be interpreted and construed by the laws of the State of Connecticut without regard to rules pertaining to conflicts of laws.

    **4.6.**    **Exclusive Jurisdiction.** The Parties agree that the United States District Court for the District of Connecticut shall retain exclusive jurisdiction over any claim or dispute arising out of this Agreement.

    **4.7.**    **Amendment.** Neither this Agreement nor any of the provisions hereof can be changed, waived, discharged or terminated, except by an instrument in writing signed by the Parties against whom enforcement of the change, waiver, discharge or termination is sought.

**4.8.** **Agreement Voluntarily Entered Into By Each Of The Parties Hereto.** This Agreement is executed voluntarily by each of the Parties hereto without any duress or undue influence on the part, or on behalf, of any of them. The Parties hereto represent and warrant to each other that they have read and fully understand each of the provisions of this Agreement and have relied on the advice and representations of competent legal counsel of their own choosing.

**4.9.** **Interpretation.** This Agreement has been negotiated at arm's length and between and among Persons sophisticated and knowledgeable in the matters dealt with in this Agreement. In addition, this Agreement was drafted by experienced and knowledgeable legal counsel for each of the Parties hereto. Accordingly, neither Lewis nor Spectrum shall be presumptively entitled to have any provisions of the Agreement construed against the other in accordance with any rule of law, legal decision or doctrine. The provisions of this Agreement shall be interpreted in a reasonable manner to effect the purposes of the Parties hereto and this Agreement.

**4.10.** **No Admission of Liability.** The Parties hereto agree that this Agreement is the result of a compromise and accord, and that the execution and delivery of this Agreement by any of the Parties hereto shall not constitute or be construed as an admission of any liability or wrongdoing on the part of any of them, but to the contrary, represents a compromise of certain asserted claims which are contested.

**4.11.** **Reliance Upon Representations.** Each of the Parties hereto acknowledge that, but for the provision of each of the warranties, representations, and acknowledgments set forth herein, none of the Parties hereto would enter into this Agreement. All of the warranties, representations, and acknowledgments set forth in this Agreement shall survive the execution and delivery of this Agreement and the Effective Date.

4.12. **No Third Party Beneficiaries.** Nothing in this Agreement is intended or shall be construed to give any Person, other than the Parties hereto and their respective successors and permitted assigns, any legal or equitable right, remedy, or claim under or in respect to this Agreement or any provisions contained herein; this Agreement and any conditions and provisions hereof being and intended to be for the sole and exclusive benefit of the Parties hereto and their respective successors and permitted assigns, and for the benefit of no other Person.

4.13. **Successors And Assigns.** This Agreement shall bind, and inure to the benefit of, and be binding on, the respective directors, officers, shareholders, employees, agents, partners, representatives, attorneys, underwriters, parent and affiliated corporations, subsidiaries, divisions, joint venturers, predecessors, successors, beneficiaries, grantees, vendees, transferees, assigns and heirs of each of the Parties hereto.

4.14. **Notice.** Any notice or request required or desired to be given pursuant to this Agreement shall be sufficient if made in writing and sent by first class mail, postage prepaid, addressed as follows or as the Parties subsequently may direct in writing:

    a.    As to Lewis:
           Andrew M. La Bella, Esq.,
           1111 Summer Street, 5th Floor,
           Stamford, Connecticut, 06905

    b.    As to Spectrum:
           S. Peter Sachner, Esquire
           Tyler Cooper & Alcorn, LLP
           205 Church Street, P.O. Box 1936
           New Haven, Connecticut 06509-1910

4.15. **Headings.** The section titles, captions, and headings contained in this Agreement are inserted as a matter of convenience and for reference, and shall in no way be construed to

define, limit, or extend the scope of this Agreement or the effect of any of its provisions.

**4.16. Recitals.** The Recitals set forth at the beginning of this Agreement shall not be admissible to prove the truth of the matters asserted therein in any action or proceeding involving any of the Parties hereto (other than an action or proceeding brought to enforce the terms of this Agreement), nor do any of the Parties hereto intend such Recitals to constitute admissions of fact by any of them.

**4.17. Additional Representations and Warranties.** Each of the Parties hereto represents and warrants that (a) it is fully authorized to enter into this Agreement; (b) it has read and fully understands each of the provisions of this Agreement, (c) it has relied on the advice and representation of legal counsel of its own choosing with respect to the matters set forth herein; (d) it has signed the Agreement voluntarily, without any duress or undue influence on the part, or on behalf, of any party; (e) the terms of this Agreement are contractual and not merely recitals, and (f) all consents, authorizations and approvals required for its or his execution, delivery and performance of this Agreement have been obtained and no other consents, authorizations or approvals are required. In addition, each of the corporate parties and each of the LLC parties that is still in existence as of the Effective Date of this Agreement represents and warrants that (a) it is duly organized and existing in good standing under the laws of one of the states of the United States; (b) it has taken all necessary corporate or LLC and internal legal actions to duly approve the making and performance of this Agreement and that no further corporate, LLC or internal approval is necessary; and (c) the making and performance of this Agreement will not violate any provision of law or the party's articles of incorporation, charter, by-laws, articles of organization, or operating agreement.

**4.18. Additional Necessary Documents.** The Parties hereto, and each of them, agrees to execute such additional documents as may be reasonably required in order to carry out the purpose and intent of this Agreement, or to evidence anything contained herein.

**4.19. Execution In Counterparts.** This Agreement may be signed in counterparts and the separate signature pages executed by the Parties may be combined to create a document binding on all of the Parties and together shall constitute one and the same instrument. Copies of signature pages, including copies transmitted via facsimile or telecopier, shall be deemed valid and effective.

**4.20. Non-cooperation and Non-assignment of Claims.** Each party agrees that it or he will not file, prosecute, assist or participate in any claim, lawsuit, action, investigation or other proceeding against the other Parties which is based on any claim or other thing which is described as being released by it or him in this Agreement, except it or he may participate as a witness or deponent if he or it is compelled to do so by court order or other legal process. Furthermore, each Party, on behalf of itself or himself, represents and warrants to each other Party that it or he has not assigned or otherwise transferred, and will not assign or transfer, to any person or entity in any manner, including by way of subrogation, operation of law or otherwise, any claim or other thing which is described as being released by it or him in this Agreement, or any recovery or settlement to which he or it might be entitled as a result of any such claim or other thing. Each Party shall indemnify and hold harmless the other Parties from and against any and all liabilities, claims, losses, damages, costs or expenses (including attorneys' fees and the costs of enforcing this indemnity) arising out of a breach by it or him of any representation, release, warranty or agreement made by it or him in this Agreement.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the date set forth opposite the respective signatures below.

Dated: 10/27/03                              H LEWIS PACKAGING, LLC

                                             By: _____
                                             Its: Operating Manager

STATE OF Connecticut )
                     ) ss.: Stamford
COUNTY OF Fairfield  )

   On the 27 day of October, 2003 before the undersigned personally appeared Howard Weinstein, known to me to be the person whose name is subscribed to the within instrument who acknowledged that he had read and voluntarily executed the same.

                                             _____
                                             Notary Public/
                                             Commissioner of the Superior Court

                                             _____
                                             HOWARD WEINSTEIN, INDIVIDUALLY

STATE OF Connecticut )
                     ) ss.: Stamford
COUNTY OF Fairfield  )

   On the 27 day of October, 2003 before the undersigned personally appeared Howard Weinstein, known to me to be the person whose name is subscribed to the within instrument who acknowledged that he had read and voluntarily executed the same.

                                             _____
                                             Notary Public/
                                             Commissioner of the Superior Court

12

Dated: 10-27-03

_____
ANDREW FINKEL, INDIVIDUALLY

STATE OF Massachusetts
                        ) ss.:
COUNTY OF Suffolk )

On the 27th day of October, 2003 before the undersigned personally appeared ANDREW FINKEL, known to me to be the person whose name is subscribed to the within instrument who acknowledged that he had read and voluntarily executed the same.

_____
Notary Public
Commissioner of the Superior Court
My commission expires: 1/24/08

13

Dated: Oct 27, 2003

SPECTRUM PLASTICS, INC.

By: _____

Its: PRESIDENT CEO

STATE OF CALIFORNIA )
                     ) ss.:
COUNTY OF LOS ANGELES )

CHARLES TUNG
COMM. #1381481
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires Oct. 25, 2006

On the 27TH day of OCTOBER, 2003 before the undersigned personally appeared FRANK SU, known to me to be the person whose name is subscribed to the within instrument who acknowledged that he had read and voluntarily executed the same.

_____
Notary Public/
Commissioner of the Superior Court

Dated: 10/27/2003

_____
ALLEN GOLBERT, INDIVIDUALLY

STATE OF CALIFORNIA )
                     ) ss.:
COUNTY OF LOS ANGELES )

CHARLES TUNG
COMM. #1381481
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires Oct. 25, 2006

On the 27TH day of OCTOBER, 2003 before the undersigned personally appeared ALLEN GOLBERT, known to me to be the person whose name is subscribed to the within instrument who acknowledged that he had read and voluntarily executed the same.

_____
Notary Public/
Commissioner of the Superior Court

14

Dated: OCTOBER 27, 2003

_____
LES YAGER, INDIVIDUALLY

STATE OF CALIFORNIA )
) ss.:
COUNTY OF LOS ANGELES )

[Notary Stamp: CHARLES TUNG, COMM. #1381481, NOTARY PUBLIC - CALIFORNIA, LOS ANGELES COUNTY, My Comm. Expires Oct. 25, 2006]

On the 27TH day of OCTOBER, 2003 before the undersigned personally appeared LES YAGER, known to me to be the person whose name is subscribed to the within instrument who acknowledged that he had read and voluntarily executed the same.

_____
Notary Public/
Commissioner of the Superior Court

Dated: 04 27 2003

_____
FRANK SU, INDIVIDUALLY

STATE OF CALIFORNIA )
) ss.:
COUNTY OF LOS ANGELES )

[Notary Stamp: CHARLES TUNG, COMM. #1381481, NOTARY PUBLIC - CALIFORNIA, LOS ANGELES COUNTY, My Comm. Expires Oct. 25, 2006]

On the 27TH day of OCTOBER, 2003 before the undersigned personally appeared FRANK SU, known to me to be the person whose name is subscribed to the within instrument who acknowledged that he had read and voluntarily executed the same.

_____
Notary Public/
Commissioner of the Superior Court

15